Max Bloom, J.
On October 27, 1971, defendant was sentenced by me to an indeterminate term not to exceed seven years. The judgment followed upon a plea of guilty to rob *636 bery in the second degree entered upon an indictment charging robbery in the first degree and covered another indictment charging the same crime, as well as a third robbery charge then pending before the Grand Jury. Each of the three cases involved the robbery of a subway change booth operator with a sawed-off shotgun. The sentence had been negotiated between defense counsel and the Assistant District Attorney with the acquiescence of the court. This is made abundantly clear by the stenographic transcript of the plea, which discloses the following:
The Court: Now, do you understand that although you are pleading guilty to what is called a class “ C ” felony, which carries with it a maximum sentence of up to fifteen years, I have agreed that you will be sentenced as if you pleaded to a class “ D ” felony, which carries with it a maximum of seven years. Do you understand that?
The Defendant: Yes, sir.
The Court: That has been made clear to you by your attorney?
The Defendant: Yes.
On the date set for judgment, sentence was imposed in accordance with this understanding. Defendant now contends that since he was and is a narcotics addict the sentence was illegal as a matter of law. It is his position that, because of his addiction, I was required to commit him to the Narcotics Addiction Control Commission.
Section 208 of the Mental Hygiene Law (now superseded by section 81.21) provided that in imposing sentence upon an addict for a felony, the court had- discretion to impose' either a commitment to the Narcotics Addiction Control Commission or the appropriate felony sentence (subd. 4, par. b). Nevertheless, differences of opinion arose with respect to the procedures to be followed. In People v. Maranez (39 A D 2d 589), the Appellate Division, .Second Department, held that although the sentencing court was vested with discretion as to the nature of the sentence it could impose, it was nevertheless required to submit the defendant to examination prior to sentence to determine whether or not he was an addict (Mental Hygiene Law, § 207). In the event that the examination disclosed addiction, the defendant was required to be arraigned as an addict and afforded the opportunity to admit, to deny, or to stand mute (Mental Hygiene Law, § 208, subd. 1).
A somewhat different position was taken by the Appellate Division, First Department (People v. Gordian, 39 A D 2d 861). There the court held that “the exercise of discretion to the sentencing Judge in the case of' felony pleas is not *637 limited. The only purpose of the examination is to determine whether or not the defendant is an addict. If the court has determined that despite that fact a sentence to a penal institution is called for, there is no necessity for an examination.”
People v. Crafton (38 A D 2d 833) posed a situation in which •the court complied literally with the requirements of sections 207 and 208 of the Mental Hygiene Law. There the defendant was examined and found to be addicted. Upon arraignment as an addict he admitted his addiction. -Thereupon, he was sentenced to a correctional facility. The judgment was affirmed by the Appellate Division, Second Department.
Maranez and Crafton were affirmed upon appeal (31 N Y 2d 828) in a single memorandum. The Court of Appeals distinguished between the two upon the ground that in Marañes the record did not ‘ ‘ satisfactorily demonstrate that either the fact of addiction or the history of the defendant’s addiction was established before, and considered by, the sentencing court.” (p. 830).
Marañes and Grafton left open the question of whether literal compliance with sections 207 and 208 of the Mental Hygiene Law was required before the discretionary sentencing power granted by section 208 could be invoked. That question was answered in People v. Carter (31 N Y 2d 964). In that case the sentencing court committed defendant to a correctional facility without following the- procedures set forth in sections 207 and 208 of the Mental Hygiene Law. The Appellate Division, First Department, reversed (39 A D 2d 537) and remanded the case for resentencing, holding that compliance with the provisions of the Mental Hygiene Law was mandatory. In reversing this determination, the Court of Appeals adopted the reasoning of People v. Gordian (39 A D 2d 861, supra), and held that failure to order a physical examination and, where appropriate, to arraign the defendant as an addict, resulted in no prejudice if the court was determined to sentence defendant to a correctional facility despite the defendant’s status as an addict. Thus, it is now apparent that literal compliance with these provisions of sections 207 and 208 is unnecessary where it will not serve to aid the court in determining the nature of the sentence to be imposed.
Although the transcript of the sentence makes no reference to defendant’s addiction, the probation report makes evident that I was aware at least as early as the time of sentence, that defendant claimed to be an addict. Not only does the front sheet of the report indicate that addiction is alleged, but the body of the report is replete with assertions to that effect. Thus the report *638 states: “ Claiming that he [defendant] became a heroin addict after his release from jail in 1970, he states that he was so ‘ hooked on drugs ’ that he had to commit a series of robberies in order to get money to buy narcotics ”. Again, “ Since that time [his release from the reformatory to which he had been committed as a youthful offender arising out of another robbery in the first degree] he admittedly has been using drugs * * #. The defendant admittedly used heroin heavily from February 1970 until the time of his arrest. However, he feels that he does not need help with his habit and is not interested in treatment. He was not examined by the NACC.”
The report was examined carefully before sentence was imposed. Indeed, there was also a careful examination of the prior probation report upon the basis of which the defendant was sentenced to the reformatory.
Thus, at the time of sentence there was complete awareness that defendant was a narcotics addict. With that awareness, the determintaion was made that since the ends of justice would best be served by committing defendant to a correctional facility — a determination bottomed upon the inherently violent nature of the crimes committed — submitting him to examination would not have been of any assistance in fashioning the sentence to be imposed. Hence, defendant cannot claim to have been prejudiced by the failure to order the examination.
Accordingly, the motion is denied.